IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JERMAINE WHITE, ) | |
| ) | |
| Movant, ) | |
| ) | Cv. No. 2:20-cv-2301-SHM-tmp |
| v. ) | Cr. No. 2:16-cr-20092-SHM-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYNG MOTION TO AMEND**
**ORDER DENYING AND DISMISSING MOTION UNDER 28 U.S.C. § 2255**
**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH**
**AND**
**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (§ 2255 Motion, ECF No. 1) filed by Movant Jermaine White, Bureau of Prisons register number 29629-076, an inmate at the United States Penitentiary in Pollock, Louisiana; the Response of the United States In Opposition to the Motion Under 28 U.S.C. § 2255 (ECF No. 5); the Reply of Movant to the Government's Response (ECF No. 6); Movant's Motion to Amend (ECF No. 7); and the Response of the United States in Opposition to the Motion to Amend 28 U.S.C. § 2255 Motion (ECF No. 11). For the reasons stated below, the motion to amend (ECF No. 7) is **DENIED**, and White's § 2255 Motion is **DENIED** and **DISMISSED**.

I.   **CRIMINAL CASE NO. 16-200092-SHM-1**

On April 27, 2016, a federal grand jury returned an indictment in Case No. 16-20092, charging White with one count of being a felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1).  (*See* Cr. No. 16-20992, ECF No. 1 at PageID 1.)  On November 21, 2015, White pled guilty.  (ECF No. 39.)  There was no written or oral plea agreement.  On April 27, 2018, the Court sentenced White as an armed career criminal to 180 months in prison, to be followed by two years on supervised release.  (ECF No. 93; *see* ECF No. 94 at PageID 211–13.)

White appealed.  (ECF No. 97.)  On April 5, 2019, the Sixth Circuit affirmed.  (ECF No. 118.)

On December 20, 2019, White filed a document entitled "The Newly Discovery Evidence *Rehaif v. United States*, No. 19-9560, 139 S. Ct. 2191 (June 21, 2019 – Supreme Court)."  (Cr. No. 16-20092, ECF No. 122.)  The Government did not respond, and the Court has taken no action on that document.

## II.    THE § 2255 MOTION, CIVIL CASE NO. 20-2301

On April 15, 2020, Movant placed his § 2255 Motion in the prison mailing system for mailing.  (Civ. No. 20-2301, ECF No. 1 at PageID 13.)  He asserted three grounds for relief based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019):

> 1. Petitioner is actually innocent of violating Section 922(g)(1) as charged in the indictment:
>
> 2. The indictment is deficient; and
>
> 3. Petitioner's plea was not intentionally, knowingly, and voluntarily entered.

(*Id.* at PageID 4-7, 10; *see* ECF No. 1-1 at PageID 17–21.)  White asks the Court to vacate his § 922(g) conviction.  (ECF No. 1 at PageID 13.)

The Government argues that White has procedurally defaulted his claims and that he has not shown that *Rehaif* error constitutes a fundamental defect that resulted in a complete miscarriage of justice.  (ECF No. 5 at PageID 30-34.)

2

White replies that *Rehaif* created a constitutional defect in the grand jury's proceedings. (ECF No. 6 at PageID 37.)  He contends that procedural default does not apply to Fifth and Sixth Amendment due process violations.  (*Id.* at 37-41.)  He alleges that, after being released on state court charges, he believed that his constitutional rights had been fully restored until he was arrested and told that he could not legally carry a firearm and that the question of his knowledge of his status should be presented to a jury.  (*Id.* at PageID 42-45.)

### III.     THE MOTION TO AMEND

On August 2, 2021, White filed a "Memorandum" that the Court construes as motion to amend his § 2255 Motion to invoke a claim under *Borden v. United States*, 141 S. Ct. 1817 (2021). (ECF No. 7 at PageID 47; *see* ECF No. 9 at PageID 51.)  White asserts that his sentence was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on a state conviction for reckless aggravated assault.  (ECF No. 7 at PageID 47.)  He asks, in light of *Borden*, that his case should be "remanded" for further proceedings.  (*Id.*)

A motion to amend a § 2255 motion is governed by the Federal Rules of Civil Procedure. *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014).  Rule 15(a)(2) provides that a "court should freely give leave [to amend] when justice so requires."  Leave to amend may be denied, however, when amendment would be futile.  *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017); *see also Oleson v. United States*, 27 F. App'x 566, 568-71 (6th Cir. 2001) (affirming district court's denial of motion to amend § 2255 petition where the motion to amend was "futile").

The ACCA imposes a mandatory minimum fifteen-year term of imprisonment for certain firearm offenses, *see* 18 U.S.C. § 922(g), if the defendant "has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another," *id*. § 924(e)(1).  A "violent felony" includes "any crime punishable by imprisonment for

3

a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i); *see United States v. White*, 58 F.4th 889, 894 (6th Cir. 2023). In *Borden*, 141 S. Ct. at 1834, the Supreme Court held that a criminal offense that requires only a *mens rea* of recklessness does not qualify as a "violent felony" under the elements clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i).

On June 5, 2023, the Government filed a response in opposition to the motion to amend. (ECF No. 11.) The Government argues that *Borden* does not impact White's sentence because he has three qualifying Tennessee convictions for aggravated robbery. (*Id.* at PageID 60; *see* Cr. No. 16-20092, *see* ECF No. 43 at PageID 93-96, ¶¶ 28-30.) The Government relies on *United States v. Gloss*, 661 F.3d 317 (6th Cir. 2011), and *United States v. Mitchell*, 743 F.3d 1054 (6th Cir. 2014), arguing that Tennessee aggravated robbery qualifies as a violent felony under the ACCA. (Civ. No. 20-2301, ECF No. 11 at PageID 60-61.) The Government opposes the amendment because it would be futile. (*Id.* at PageID 61.)

White raised the issue of whether aggravated robbery was an ACCA predicate on appeal, and the Sixth Circuit held that it was. (*See* Cr. No. 16-20092, ECF No. 118 at PageID 421-423.) Recently, the Sixth Circuit has held that "Tennessee's aggravated robbery statute, Tenn. Code Ann. § 39-13-402, is categorically a violent felony under the ACCA." *United States v. Batey*, No. 22-5339, 2023 WL 2401193, at *2 (6th Cir. Mar. 8, 2023); *see Porter v. United States*, 959 F.3d 800, 802 (6th Cir. 2020) (citing *United States v. Gloss*, 661 F.3d 317, 318–19 (6th Cir. 2011)). For these reasons, an amendment based on *Borden* would be futile. The motion to amend (ECF No. 7) is DENIED.

## IV.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a),

4

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

A § 2255 motion is not a substitute for a direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal," with an exception for claims of ineffective assistance of counsel. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

**V.    ANALYSIS**

White's claims depend on the application of *Rehaif* to his criminal case. In *Rehaif*, the Supreme Court held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[1] *Rehaif*, 139 S. Ct. at 2200. The defendant in *Rehaif* had been convicted of violating 18 U.S.C. § 922(g)(5)(A),

---

[1] "*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *Matthews v. United States*, No. 19-2091, 2020 WL 2614619, at *2 (6th Cir. Jan. 6, 2020), quoting *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019).

5

which prohibits the possession of firearms by persons who are "illegally or unlawfully in the United States." The penalty provision, 18 U.S.C. § 924(a)(2), refers to persons who "knowingly" violate § 922(g). On appeal, the defendant argued that the trial judge had erred in instructing the jury that the defendant did not need to know that he was in the country unlawfully. *Rehaif*, 139 S. Ct. at 2195. The Supreme Court explained that,

> [w]ith some here-irrelevant omissions, § 922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element (in this case, "being an alien ... illegally or unlawfully in the United States"); (2) a possession element (to "possess"); (3) a jurisdictional element ("in or affecting commerce"); and (4) a firearm element (a "firearm or ammunition").

*Id.* at 2195–96. The word "knowingly" does not apply to the jurisdictional element, but it applies to the remaining elements. *Id.* at 2196. The Supreme Court said that "[w]e express no view . . . about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here." *Id.* at 2200. The Sixth Circuit has confirmed that *Rehaif* applies retroactively in § 2255 proceedings. *See Kelley v. United States*, No. 20-5448, 2021 WL 2373896, at *2 (6th Cir. Feb. 5, 2021); *see Corthion v. United States*, No. 1:18-cv-01120-JDB-jay, 2021 WL 3131693, at *1 n.3 (W.D. Tenn. July 23, 2021).

The United States Supreme Court in *Greer v. United States*, 141 S. Ct. 2090, 2099–2100 (2021), held that a *Rehaif* error in jury instructions or a plea colloquy is not a structural error and does not affect the entire framework of the criminal proceeding. The court said, "*Rehaif* errors fit comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" *Id.* at 2100. The court held that, on plain error review on appeal, the court "may consider the *entire* record." *Id.* at 2098. The court addressed the difficulty that convicted felons face in overcoming *Rehaif* error:

6

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." 963 F.3d 420, 423 (CA4 2020) (Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. . . . In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

*Greer*, 141 S. Ct. at 2097.

### A. Procedural Default & Actual Innocence

A § 2255 claim is procedurally defaulted if the defendant could have but did not raise the claim on direct appeal. *See Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). To obtain review of a procedurally defaulted claim, a movant must demonstrate either cause for the default and actual prejudice or that he is actually innocent. *Vanwinkle*, 645 F.3d at 369. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *See Bousley*, 523 U.S. at 623; *see Wallace v. United States*, 43 F.4th 595, 606 (6th Cir. 2022) (actual innocence can overcome procedural default if it is more likely than not that no reasonable juror would have convicted the defendant at trial).

*Rehaif* was decided in June 2019, after the trial court had entered judgment, and the Sixth Circuit had ruled on appeal. However, the *Rehaif* petition for writ of certiorari was filed in June 2018, and was granted in January 2019, while White's appeal was still pending. *See* Supreme Court of the United States, Docket Search, No. 17-9560, Search - Supreme Court of the United States (last accessed June 8, 2023).

Respondent argues that White has procedurally defaulted his claims because he did not raise any *Rehaif*-based claims during his criminal case or on direct appeal. (ECF No. 5 at PageID 30.) White pled guilty, and Respondent argues that White cannot demonstrate that it was more likely than not that no reasonable juror, instructed in the law based on § 922(g) and *Rehaif*, would have convicted him. (*Id.* at PageID 32.) Respondent notes that, initially, White did not allege that he did not know of his prohibited status. (*Id.*) Respondent contends that such an assertion would be flawed because the record established that White had that knowledge. (*Id.*) Respondent points out that, before sentencing, White told a probation officer,

> I, Jermaine White, do take responsibility for having a gun while on my bike. I have a felony record and know that I cannot have a gun. I apologize for having it. I did not mean to harm anyone.

(*Id.*; *see* Cr. No. 16-20092, ECF No. 43 at PageID 91.) The Presentence Investigation Report ("PSR") filed in 2017, and adopted at sentencing, shows that White had been convicted of multiple felonies in the State of Tennessee, including: 1) an August 2004 conviction for theft of property, for which he was sentenced to two years in prison, and three counts of aggravated robbery, for which he was sentenced to ten years in prison; 2) a September 2004 conviction for aggravated robbery, for which he was sentenced to eight years in prison; and 3) an October 2006 conviction for aggravated robbery, for which he was sentenced to ten years in prison. (*See* Civ. No. 20-2301, ECF No. 5 at PageID 32-33; *see* Cr. No. 16-20092, ECF No. 43 at PageID 92-96.) Respondent contends that, based on this evidence, White knew that he was a felon when he possessed the firearm. (Civ. No. 20-2301, ECF No. 5 at PageID 33.)

Initially, White alleged that he was actually innocent of the § 922(g) conviction because the Government did not meet its burden of proof about White's knowledge of his status. (ECF

No. 1 at PageID 4.)  He did not assert that he was factually innocent of the crime or that he had no knowledge of his status as a felon.

In reply to Respondent's arguments, White alleges that, in March 2013, after being released on state court charges, he was required to sign new releases and that those documents state, "Your constitutional rights are fully restored."  (ECF No. 6 at PageID 42.)  White argues that it was not until he was arrested and told that he could not legally carry a firearm, that he learned of his mistaken belief.  (*Id.* at PageID 43.)  White asserts that he admitted his guilt in the PSR because his counsel advised him that his belief was wrong and to take full responsibility for possession of the gun so that he might receive a three-point reduction for acceptance of responsibility.  (*Id.* at PageID 43-44.)  White asserts that, had he known the Government had to prove that he knew "that [he] could not carry or possess a firearm," he would have elected to proceed to trial and submit that question to the jury.  (*Id.* at PageID 44.)

Although White contends that he did not learn that he could not carry a firearm until his arrest on the § 922(g) charge, he has never before raised that argument.  White claims he believed his constitutional rights were restored on his release from state custody, but he has presented no evidence to support those assertions.  The Sixth Circuit has held that *Rehaif* required White to know only that he was a felon.  *Wallace*, 43 F.4th at 607.  White, who is in fact a felon, has difficulty showing that, given his convictions and state incarceration, no reasonable juror would have convicted White on the § 922(g) charge at trial.  His arguments about restoration of rights are not persuasive.  White has not demonstrated actual innocence.  His claims are procedurally defaulted.

### B. The Indictment

White argues that the indictment is deficient because it does not charge 18 U.S.C. § 924(a)(2), the penalty provision for § 922(g). (ECF No. 1 at PageID 5; *see* ECF No. 1-1 at PageID 18-19.) White also argues the indictment fails to address the knowledge aspect of the status element or allege that he possessed the culpable mental state for a § 922(g) conviction. (*Id.* at PageID 19.)

Defects in the indictment are not jurisdictional because they do not deprive courts of the power to adjudicate a criminal case. *See United States v. Cotton*, 535 U.S. 625, 630 (2002). In *United States v. Hobbs*, 953 F.3d 853, 856–57 (6th Cir. 2020), the Sixth Circuit rejected the argument that the failure to allege the status element of § 922(g) in the indictment deprived the court of subject matter jurisdiction. *See United States v. Watson*, 820 F. App'x 397, 399 (6th Cir. 2020); *see also United States v. Lee*, 834 F. App'x 160, 166 (6th Cir. 2020) ("a pre-*Rehaif* indictment that that does not contain the knowledge-of-status element does not necessarily fail to properly charge a violation of 18 U.S.C. § 922(g)"), *cert. denied Lee v. United States*, No. 20-7859, 20201 WL 2637931 (June 28, 2021); *United States v. Ward*, 957 F.3d 691, 694–95 (6th Cir. 2020). The Sixth Circuit has held that, even where the indictment fails to set forth the knowledge requirement under *Rehaif*, the omission does not seriously affect the fairness or integrity of the judicial proceedings given admissions, stipulations, and other evidence that the crime was, in fact, committed. *See United States v. Raymore*, 965 F.3d 475, 485–87 (6th Cir. 2020). The Sixth Circuit has also found an indictment to be sufficient where it did not cite 18 U.S.C. § 924(a)(2). *See United States v. Bonds*, No. 18-6085, 2020 WL 10140798, at *1 (6th Cir. June 17, 2020); *see United States v. Moore*, 954 F.3d 1322, 1337 (11th Cir. 2020) (indictment that did not charge § 924(a)(2) did not deprive court of jurisdiction because § 922(g) is the criminal offense and § 924(a)

10

"is confined to stating the penalties for violating 18 U.S.C. § 922(g)"). White's claim of a defective indictment is both procedurally defaulted and without merit.

### C. The Plea

White argues that his counsel did not advise White about the knowledge of status element of the crime. (ECF No. 1-1 at PageID 21.) He asserts that his plea was involuntarily entered and constitutionally invalid because no one during the plea hearing or sentencing correctly understood the essential elements of the offense. (*Id.*)

*Greer* establishes that *Rehaif* error in a plea proceeding is not structural and does not affect the entire framework of the criminal proceeding. *Greer*, 141 S. Ct. at 2099–2100. The defendant in *Wallace*, 43 F.4th at 601-602, made the same argument that White presents here. Like Wallace, White has also procedurally defaulted the *Rehaif* claims because he failed to raise them earlier in the criminal litigation. *Id.* at 602. The Sixth Circuit noted that, if the claim had been presented on appeal, Wallace would not have been entitled to relief because, "upon plain-error review, . . .[t]hat omission could not affect his substantial rights unless another 'reasonable probability' existed: that he would have stood trial rather than plead guilty if the court had informed him of the element." *Id.* at 603 (citing *Greer*, 141 S. Ct. at 2097)). The Sixth Circuit emphasized the "heavy dose of skepticism" associated with an "after-the-fact claim that a prisoner would not have pleaded guilty but for some error in the prisoner's plea proceeding" and the need for contemporaneous evidence from the time of the plea proceeding that verifies the claim. *Id.* The Sixth Circuit emphasized that judicial skepticism increases with a *Rehaif* claim because felony status is not easily forgotten and often the subject of a stipulation. *Id.*

In White's case, there is no contemporaneous evidence that he would have pled guilty if had known of the knowledge-of-status element. He does not deny that he was a felon. Instead,

11

when challenged in the Government's response, he presents an after-the fact argument that his constitutional rights were restored, an argument which does not show a reasonable likelihood that he would have proceeded to trial or that he was factually innocent of the crime. White's claim that his plea was involuntary is both procedurally defaulted and without merit.

## VI. CONCLUSION

As stated above, White's *Rehaif*-based claims are procedurally defaulted. He knew of his status as a felon, and he has failed to show that he was factually innocent or that there was a reasonable likelihood that, had he known of the knowledge of status element, he would have proceeded to trial.

The motion, files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see* Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts ("if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving the party"). The Movant's convictions and sentence are valid. The § 2255 Motion is **DENIED** and **DISMISSED**. Judgment shall be entered for the United States.

## VII. APPELLATE ISSUES

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

In this case, for the reasons stated above, the claims in the § 2255 Motion are procedurally defaulted and without merit and, therefore, Movant cannot present a question of some substance about which reasonable jurists could differ. The Court, therefore, **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies

leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court.  *See* Fed. R. App. P. 24(a) (4)–(5).

In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith.  It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is **DENIED**.  If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)–(5)).

IT IS SO ORDERED this 13th day of June, 2023.

   *s/   Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE